UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 04 B 03200 |
| | ) | |
| ARCHIBALD CANDY CORPORATION, *et al*., | ) | Chapter 7 |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | Hon. Pamela S. Hollis |
| | ) | U. S. Bankruptcy Judge |

## NOTICE OF MOTION

TO:   See Attached Core Service List

**PLEASE TAKE NOTICE** that on **September 23, 2010**, at the hour of **10:00 a.m.**, or as soon thereafter as counsel may be heard, the undersigned shall appear before the Honorable Pamela S. Hollis, Court Room 644, 219 South Dearborn Street, Chicago, Illinois, and shall then and there present a **Final Application for Allowance of Compensation and Reimbursement of Expenses for Tishler & Wald, Ltd., Counsel to Alexander S. Knopfler, Chapter 7 Trustee,** a copy of which is attached hereto and herewith served upon you.

      /s/ *Alexander D. Kerr, Jr.*
      Alexander D. Kerr, Jr.

Alexander D. Kerr, Jr. (ARDC 1450484)
TISHLER & WALD, LTD.
200 South Wacker Drive, Suite 3000
Chicago, IL 60606
Telephone:  (312) 876-3800
Fax:  (312) 876-3816
e-mail: akerr@tishlerandwald.com

## CERTIFICATE OF SERVICE

      The undersigned counsel hereby certifies that he caused the foregoing **Notice of Motion** and **Final Application for Allowance of Compensation and Reimbursement of Expenses for Tishler & Wald, Ltd., Counsel to Alexander S. Knopfler, Chapter 7 Trustee** to be served upon the parties indicated in the attached Core Service List by either depositing true and correct copies of same into the U.S. Mail at 200 South Wacker Drive, Chicago, Illinois 60606, in properly addressed, first class postage prepaid envelopes, this 30th day of August, 2010, at or before the hour of 5:00 p.m., and/or via e-mail where indicated on the attached Core Service List.

                                                                      /s/ *Alexander D. Kerr, Jr.*
                                                                         Alexander D. Kerr, Jr.

Alexander D. Kerr, Jr. (ARDC 1450484)
TISHLER & WALD, LTD.
200 South Wacker Drive, Suite 3000
Chicago, IL 60606
Telephone:  (312) 876-3800
Fax:  (312) 876-3816
e-mail:  akerr@tishlerandwald.com

## Core Service List

**Counsel to the U.S. Trustee**
Gretchen Silver
Office of the United States Trustee
219 S. Dearborn, Room 873
Chicago, Illinois 60604
Telephone: 312-886-5785
Facsimile: 312-886-5794
E-Mail: gretchen.silver@usdoj.gov

**Counsel to the Committee of Unsecured Creditors**
Cathy Herschcopf, Melissa Harrison
Kronish Lieb Weiner & Hellman LLP
1114 Avenue of the Americas
New York, NY 10036-7798
Telephone: 212-479-6138
Facsimile: 212-479-6275
E-Mail: chershcopf@kronishlieb.com

**Counsel to the Committee of Unsecured Creditors**
Barbara L. Yong, Caren A. Lederer
Field & Golan
70 W. Madison St., Suite 1500
Chicago, IL 60602
Telephone: 312-263-2300
Facsimile: 312-263-0939
E-Mail: blyong@fieldgolan.com

**Counsel to Delaware Street Capital**
George N. Panagakis, Chris Dickerson
Skadden Arps Slate Meagher & Flom LLP
333 W. Wacker Dr.
Chicago, IL 60606
Telephone: 312-407-0700
Facsimile: 312-407-0411
E-Mail: george.panagakis@skadden.com

**Counsel to Ad Hoc Bondholders Committee**
D. Ross Martin
Stephen C. Moeller-Sally
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110
Telephone: 617-951-7266
Fax: 617-951-7050
E-mail: ross.martin@ropesgray.com
         ssally@ropesgray.com

**Counsel to LaSalle Business Credit LLC**
Josef S. Athanas
Latham & Watkins
Sears Tower
233 S. Wacker Dr., Suite 5800
Chicago, IL 60606
Telephone: 312-876-7700
Facsimile: 312-993-9767
E-Mail: josef.athanas@lw.com

**Internal Revenue Service**
Internal Revenue Service
District Counsel
200 W. Adams Street, Suite 2300
Chicago, IL 60606-5208

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 04 B 03200 |
| | ) | |
| ARCHIBALD CANDY CORPORATION, *et al*., | ) | Chapter 7 |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | Hon. Pamela S. Hollis |
| | ) | U. S. Bankruptcy Judge |

## **COVER SHEET FOR APPLICATION FOR ALLOWANCE OF COMPENSATION**

| | |
|---|---|
| Name of Applicant: | Tishler & Wald, Ltd. |
| Authorized to Provide Professional Services to: | Alexander S. Knopfler, Chapter 7 Trustee |
| Date of Order Authorizing Employment: | July 27, 2005 |
| Period for Which Compensation is Sought: | December 1, 2009 through August 31, 2010 |
| Amount of Fees Sought to be Allowed: | $20,512.50 (100%) |
| Amount of Expense Reimbursement Sought: | $131.47 (100%) |
| Amount of Previously Allowed but Held Back Interim Fees: | $35,054.85 |
| Amount of Reserve for Completion: | $3,000.00 |
| This is a: | <u>Final</u> Application |

Dated: August 27, 2010       TISHLER & WALD, LTD.
       Chicago, Illinois

                                        By: */s/ Alexander D. Kerr, Jr.*
                                                One of Its Attorneys

Alexander D. Kerr, Jr. (ARDC 1450484)
TISHLER & WALD, LTD.
200 South Wacker Drive, Suite 3000
Chicago, IL 60606
Telephone: (312) 876-3800
Fax: (312) 876-3816
e-mail: akerr@tishlerandwald.com

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 04 B 03200 |
| | ) | |
| ARCHIBALD CANDY CORPORATION, *et al*., | ) | Chapter 7 |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | Hon. Pamela S. Hollis |
| | ) | U. S. Bankruptcy Judge |

**FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR TISHLER & WALD, LTD., COUNSEL TO ALEXANDER S. KNOPFLER, CHAPTER 7 TRUSTEE**

Alexander D. Kerr, Jr. and Tishler & Wald, Ltd. (collectively "T&W") counsel for ALEXANDER S. KNOPFLER, Chapter 7 Trustee for the Estate of Archibald Candy Corporation, et al., respectfully submit this Final Application for Allowance of Compensation and Reimbursement of Expenses (the "Application") for legal services rendered on behalf of the Trustee during the period from December 1, 2009 through August 31, 2010 (the "Application Period"), pursuant to Sections 330 and 331 of the United States Bankruptcy Code (the "Code"). In support of this Application, T&W states as follows:

### I. BRIEF BACKGROUND OF THE CASE (Chapter 11 Proceeding)

1.   On January 28, 2004 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Code.

2.   On June 7, 2005, the Court converted the case to a Chapter 7 proceeding (EOD 760) with an effective date of July 1, 2005. The summary set forth in the fourth interim fee application is incorporated herein by reference [EOD 994].

## II. BACKGROUND OF THE CASE (Chapter 7 Proceeding)

3. On July 5, 2005, Alexander S. Knopfler was appointed Chapter 7 trustee (EOD 770).

4. On July 29, 2005, a motion was filed on behalf of the Trustee to employ Tishler & Wald, Ltd. as Trustee's attorneys (EOD 779). The application was granted effective *nunc pro tunc* to July 27, 2005 (EOD 781). The summary set forth in the fourth interim fee application is incorporated herein by reference [EOD 994].

## III. T&W FEE AND EXPENSE REQUEST (INTERIM)

5. On June 2, 2006, Tishler & Wald, Ltd. submitted its **First Interim Application** for Allowance of Compensation and Reimbursement of Expenses covering the period July 27, 2005 through April 28, 2006 which sought fees in the amount of $128,463.00 plus reimbursement of out-of-pocket expenses in the amount of $1,140.87. On June 27, 2006, this Court entered an Order awarding Tishler & Wald, Ltd. interim compensation in the reduced amount of $124,368.00 plus reimbursement of out-of-pocket expenses in the amount of $1,140.87 (EOD 898). Pursuant to said Order, Tishler & Wald, Ltd. was paid $111,931.20 (90%) in fees and $1,140.87 (100%) in expenses, leaving a 10% balance due in the amount of $12,436.80 for fees.

6. On December 1, 2006, Tishler & Wald, Ltd. submitted its **Second Interim Application** for Allowance of Compensation and Reimbursement of Expenses covering the period May 1, 2007 through October 31, 2006 which sought fees in the amount of $99,466.50 plus reimbursement of out-of-pocket expenses in the amount of $751.89. On December 21, 2006, this Court entered an Order awarding Tishler & Wald, Ltd. interim compensation in the

amount of $99,466.50 plus reimbursement of out-of-pocket expenses in the amount of $751.89 (EOD 927).  Pursuant to said Order, Tishler & Wald, Ltd. was paid $89,519.85 (90%) in fees and $751.89 (100%) in expenses, leaving a 10% balance due in the amount of $9,946.65 for fees.

7.	On August 29, 2007, Tishler & Wald, Ltd. submitted its **Third Interim Application** for Allowance of Compensation and Reimbursement of Expenses covering the period November 1, 2006 through July 31, 2007 which sought fees in the amount of $124,204.50 plus reimbursement of out-of-pocket expenses in the amount of $780.78.  On September 20, 2007, this Court entered an Order awarding Tishler & Wald, Ltd. interim compensation in the reduced amount of $123,991.00 plus reimbursement of out-of-pocket expenses in the amount of $780.78 (EOD 959).  Pursuant to said Order, Tishler & Wald, Ltd. was paid $123,991.00 (100%) in fees and $780.78 (100%) in expenses.

8.	On June 18, 2008, Tishler & Wald, Ltd. submitted its **Fourth Interim Application** for Allowance of Compensation and Reimbursement of Expenses covering the period August 1, 2007 through March 31, 2008 which sought fees in the amount of $126,714.00.00 plus reimbursement of out-of-pocket expenses in the amount of $492.98.  On July 15, 2008, this Court entered an Order awarding Tishler & Wald, Ltd. interim compensation in the amount of $126,714.00 plus reimbursement of out-of-pocket expenses in the amount of $492.98 (EOD 996).  Pursuant to said Order, Tishler & Wald, Ltd. was paid $114,042.60 (90%) in fees and $492.98 (100%) in expenses, leaving a 10% balance due in the amount of $12,671.40 for fees.

9.	On April 24, 2009, Tishler & Wald, Ltd. submitted its **Fifth Interim Application** for Allowance of Compensation and Reimbursement of Expenses covering the period April 1, 2008 through March 31, 2009 which sought fees in the amount of $90,753.50 plus

reimbursement of out-of-pocket expenses in the amount of $797.97.  On May 14, 2009, this Court entered an Order awarding Tishler & Wald, Ltd. interim compensation in the reduced amount of $90,644.00 plus reimbursement of out-of-pocket expenses in the amount of $797.97 (EOD 1027).  Pursuant to said Order, Tishler & Wald, Ltd. was paid $90,644.00 (100%) in fees and $797.97 (100%) in expenses.

    10.    On December 11, 2009, Tishler & Wald, Ltd. submitted its **Sixth Interim Application** for Allowance of Compensation and Reimbursement of Expenses covering the period April 1, 2009 through November 30, 2009 which sought fees in the amount of $48,679.50 plus reimbursement of out-of-pocket expenses in the amount of $791.05.  On July 12, 2010, this Court entered an Order awarding Tishler & Wald, Ltd. interim compensation in the amount of $48,679.50 plus reimbursement of out-of-pocket expenses in the amount of $791.05 (EOD 1062).  Pursuant to said Order, Tishler & Wald, Ltd. was paid $48,679.50 (100%) in fees and $791.05 (100%) in expenses.

    11.    Based on the time value of the services rendered, Tishler & Wald, Ltd. is entitled to payment of held back interim compensation in the amount of $35,054.85 during the period July 27, 2005 through November 30, 2009.

    12.    Since the Sixth Interim Application, T&W has continued to render actual necessary legal services to the Trustee which include, *inter alia*, the following activities:

    a.    Pursuit of filed adversary proceedings, including settlement of cases since December 1, 2009 (see, e.g. EOD 1077 dated June 28, 2010 which is incorporated herein by reference).  During this Application Period, T&W has collected $54,300.00 in settlement of certain adversary proceedings; and

    b.    Court attendance.

13. The legal services provided by T&W have been subdivided into:

    c. General Case Administration;

    d. Fee/Employment Applications;

    e. Analysis/Strategy;

    f. Pleadings;

    g. Court-Mandated Conferences and Appearances;

    h. Settlement Related Activities;

    i. Written Discovery; and

    j. Expenses.

The time expended in each of the billing categories is set forth in Exhibits A through J attached hereto and is summarized as follows:

| Attorney | Specialty | Hours | Rate | Total |
|---|---|---|---|---|
| Alexander D. Kerr, Jr. (ADK) | Bankruptcy/Litigation | 9.20 | $365.00/hr. | $3,358.00 |
|  |  | 18.80 | $370.00/hr | $6,956.00 |
|  |  | 1.00 | $0.00/hr. | $0.00 |
| Jeffrey B. Rose (JBR) | Bankruptcy/Litigation | 1.30 | $355.00/hr. | $461.50 |
|  |  | .00 | $0.00/hr. | $0.00 |
| Natalia K. Rzepka (NKR) | Bankruptcy/Litigation | 16.50 | $265.00/hr. | $4,455.00 |
|  |  | 1.70 | $270.00/hr | 450.50 |
|  |  | 0.00 | $0.00/hr. | $0.00 |
| Andrew Bauman (AB) | Bankruptcy/Litigation | 9.20 | $220.00/hr. | $2,024.00 |
|  |  | 11.30 | $225.00/hr. | $2,542.50 |
|  |  | 0.00 | $0.00/hr. | $0.00 |
| Zachary M. Stern (ZMS) | Paralegal/Clerk Bankruptcy/Litigation | .50 | $130.00/hr. | $65.00 |
|  |  | 1.00 | $200.00/hr. | $200.00 |
|  |  | 0.00 | $0.00/hr. | $0.00 |

14. The foregoing hourly rates are customary and reasonable and are the same hourly rates charged by T&W personnel to non-bankruptcy clients for various other matters.

15. The fees sought by T&W in each of the aforesaid billing categories are summarized below:

| Exhibit | Title of Category | Category Code | Amount Sought |
|---|---|---|---|
| A | General Case Administration | B110 | $  1,529.00 |
| B | Fee/Employment Applications | B160 | 2,180.00 |
| C | Analysis/Strategy | L120 | 845.00 |
| D | Pleadings | L210 | 3,636.00 |
| E | Court-Mandated Conferences and Appearances | L230 | 3,325.50 |
| F | Settlement Related Activities and Analysis | L160 | 7,856.00 |
| G | Written Discovery | L310 | 1,141.00 |
|  | **TOTAL FEES** |  | **$ 20,512.50** |
| H | Expenses* |  | $     131.47 |
|  | **TOTAL FEES AND EXPENSES** |  | **$ 20,643.97** |

16. There has been no duplication of services, either by partners, associates or paralegals of T&W. When two or more persons participated in any activity, such joint participation was necessary as a result of either the complexity of the problems involved, the need to familiarize personnel with the matters at issue so that each person could perform further necessary work efficiently at appropriate cost or setting priorities and responses to specific assertions of specific defendants. There are entries shown at "no charge" for the senior person where two or more persons are involved for purely case administration purposes.

17. Settlement negotiations had been principally consolidated with one attorney in order to maintain a consistent protocol and fairness to the various adversary defendants. Senior counsel had been involved on an as-needed basis. Since August 15, 2008, senior counsel has been involved to provide counsel to attorneys who bill at lower rates to press the adversaries to conclusion and has met with those attorneys on a bi-monthly basis to ensure active pursuit of the cases.

---

* This firm normally charges and the computerized systems are set to record .20¢ per page for copy services which is requested in Exhibit H (Expenses). We have made an adjustment, based on this Court's prior decisions, by applying a fifty percent (50%) discounted rate to the firm's reported copy charges resulting in a credit adjustment of $37.20. The firm did not seek recovery of Lexis research charges resulting in an additional credit adjustment of $10.74.

18. T&W has removed charges from its time records submitted for fee consideration activities of paralegals and other professional staff which are of a clerical or stenographic nature or for the performance of routine clerical or administrative activities.

19. The tasks performed and time expended by T&W in each of the listed categories and expenses incurred by T&W are set forth in the attached Exhibits and are summarized as follows:

> **EXHIBIT A – General Case Administration**.  This category includes, *inter alia*, communications and meetings with the Trustee concerning the administration of the Chapter 7 case and a detailed review of the status of each adversary case during file transition.  T&W spent 4.90 hours of attorney and paralegal time [ADK – 3.20 hrs; NKR – .20 hrs.; ZMS 1.50 hrs.] on the foregoing services, as is more fully described in Exhibit A.  Said services have a value of $1,492.00 for which T&W is seeking compensation.
>
> **EXHIBIT B - Fee/Employment Applications**.  This category includes time spent preparing fee applications for interim compensation for both T&W as counsel for the Trustee, for the Trustee and the Trustee's accountant. T&W spent 5.90 hours of attorney time [ADK – 5.90 hrs.] on the foregoing services, as is more fully described in Exhibit B. Said services have a value of $2,180.00 for which T&W is seeking compensation.
>
> **EXHIBIT C – Analysis/Strategy**.  This category includes time spent analyzing various issues arising from defenses and documents submitted by defendants in the adversary proceedings and strategy for proceeding in each instance.  Activity includes communications with attorneys and paralegals within the firm to discuss issues, coordinate research and strategy going forward and to prioritize addressing the various defenses. T&W spent 3.00 hours of attorney and paralegal time [ADK – 1.20 hrs.; NKR – .10 hrs.; AB – 1.70 hrs.] on the foregoing services, as is more fully described in Exhibit C.  Said services have a value of $845.00 for which T&W is seeking compensation.
>
> **EXHIBIT D – Pleadings**.  This category includes time spent preparing, organizing and electronically filing pleadings. T&W spent 15.60 hours of attorney time [ADK – 1.00 hrs.; AB – 14.10 hrs.; NKR - .50 hrs.] on the foregoing services, as is more fully described in Exhibit D.  Said services have a value of $3,636.00 for which T&W is seeking compensation.
>
> **EXHIBIT E – Court-Mandated Conferences and Appearances**.  This category includes preparing for and attending court hearings. T&W spent 10.50 hours of attorney time [ADK – 4.30 hrs.; JBR – .80 hrs; NKR – 5.40 hrs.] on the foregoing services, as is more fully described in Exhibit E.  Said services have a value of $3,325.50 for which T&W is seeking compensation.

**EXHIBIT F – Settlement Discussions**. This category includes review and analysis of documents principally provided by the various defendants in pending adversary proceedings with a view towards analyzing claimed defenses and providing the framework for settlement and/or resolution. Activity includes discussions with defense counsel, review and analysis of documentation, settlement negotiations, and coordinating payments to the Trustee. T&W spent 26.50 hours of attorney time [ADK – 9.70 hrs.; NKR – 12.00 hrs.; AB – 4.50 hrs.; JBR – .30 hrs.] on the foregoing services, as is more fully described in Exhibit F. Said services have a value of $7,856.00 for which T&W is seeking compensation.

**EXHIBIT G – Written Discovery**. This category includes issuance of discovery, review and analysis of documents received in response to plaintiff's requests for discovery from various defendants. T&W spent 4.00 hours of attorney time [ADK – 3.60 hrs.; AB – .20 hrs.; JBR – .20 hrs.] on the foregoing services, as is more fully described in Exhibit G. Said services have a value of $1,141.00 for which T&W is seeking compensation.

**EXHIBIT H – Expenses**. Exhibit H lists expenses, such as copying costs at .20¢ per page, telecopy charges at $1.00 per page, CM/ECF-Pacer document retrieval at the standard access rate of .08¢ per page, Lexis research charges and court fees for obtaining copies of court documents/pleadings. T&W has made disbursement and seeks reimbursement of expenses in the amount of $179.41[*].

20. T&W respectfully submits that the fees and expense reimbursement sought herein are reasonable given the nature, extent and value of the services rendered, the quality and skill which the situation required, and the costs of comparable services in other cases under Chapter 7, and that the time has been fairly and properly expended. Fundamentally, each adversary has required consideration of new value and ordinary course issues whether formally raised by the defendant or not.

21. T&W incorporates herein its various agenda for the status hearings on adversary proceedings which have been presented in open court from time to time [EOD 1060, 1064, 1068, 1072, 1074 and 1076].

---

[*] This firm normally charges and the computerized systems are set to record .20¢ per page for copy services which is requested in Exhibit H (Expenses). We have made an adjustment, based on this Court's prior decisions, by applying a fifty percent (50%) discounted rate to the firm's reported copy charges resulting in a credit adjustment of $37.20. The firm did not seek recovery of Lexis research charges resulting in an additional credit adjustment of $10.74.

22. Based on the hourly charges of T&W set forth above and the Court's order of February 11, 2004, T&W requests that the Court determine and allow it one hundred percent (100%) of $20,512.50 for a final total of $20,512.50 as compensation and $131.47 for the reimbursement of all one hundred percent (100%) of its adjusted reasonable out-of-pocket expenses pursuant to Sections 330 and 331 of the Code.

23. This Application encompasses the period from December 1, 2009 through August 31, 2010.

24. In selecting the various categories of activities, T&W has utilized the Uniform Task-Based Management System including the litigation code set and definitions developed by a tripartite effort of the American Bar Association Section of Litigation, the American Corporate Counsel Association and a group of major corporate clients and law firms coordinated and supported by Price Waterhouse LLP. The system is intended to enable lawyers to bill by litigation task, aiding client and counsel and understanding, managing and conducting litigation. It is intended to cover all contested matters, including judicial litigation, binding arbitration, and regulatory/administrative proceedings. T&W has utilized the similarly developed bankruptcy code set.

25. <u>Status of Settlements</u>. The Trustee is awaiting payment from Graph-Pak in the amount of $12,500 and is awaiting two installment payments from the LaGrou settlements in the total amount of $7,200.

26. <u>Limited Reserve</u>. The Trustee and counsel will complete collections; prepare and present a motion to dispose of records held by the Trustee, by counsel and by outside warehouse; prepare and present the Trustee's certificate of disbursement so that the case may be closed. In order that this may be accomplished without having to burden the estate with further application,

- 9 -

it is requested that the Trustee be authorized to maintain a reserve for counsel fees of $3,000.00 to be able to compensate counsel upon presentment of standard attorney invoices maintained in the ordinary course with entries accurate to 0.10 of an hour for the above services. Any unused funds shall be disbursed by the Trustee to the primary creditor set forth below.

27. <u>Summary</u>. All adversary proceedings have been concluded. The Trustee's final report is being prepared. All net monies will be remitted in accordance with this Court's Order of June 7, 2005 (EOD 753 @ 3) to:

> BNY Midwest Trust Company, LLC, as Bond Trustee
> c/o Edward J. Zujkowski
> Emmet, Marvin & Martin, LLP
> 120 Broadway – 32nd Floor
> New York, NY 10271

**WHEREFORE**, Alexander D. Kerr, Jr. and the firm of Tishler & Wald, Ltd., respectfully request that this Court enter and order:

a. Allowing and granting the application in full;

b. Making final the previous awards of interim compensation and reimbursement of expense and awarding it $35,054.85 as previously held back amounts of interim compensation;

c. Awarding it $20,512.50 (100%) as final interim compensation for a total final fee award of $55,567.35, plus $131.47 (100%) in reimbursement of expenses as set forth herein pursuant to Sections 330 and 331 of the Code, and authorizing the Trustee to pay the same;

    d.  Allowing and awarding $3,000.00 for the conclusion and closure of the case; and

    e.  Granting such other and further relief as the Court deems just and proper.

Dated: August 30, 2010          Respectfully submitted,
   Chicago, Illinois

                  TISHLER & WALD, LTD.

                  By: */s/ Alexander D. Kerr, Jr.*
                    One of Its Attorneys

Alexander D. Kerr, Jr. (ARDC 1450484)
TISHLER & WALD, LTD.
200 South Wacker Drive, Suite 3000
Chicago, IL 60606
Telephone: (312) 876-3800
Fax: (312) 876-3816
e-mail: akerr@tishlerandwald.com

- 11 -